**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PAIN SPECIALIST GROUP, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0814-NAC |
| | ) | |
| MICRON MEDICAL CORPORATION, | ) | |
| MINISTIM, LLC, URO MEDICAL | ) | |
| CORPORATION, MICRON MEDICAL | ) | |
| LLC, MICHAEL PERRYMAN, and | ) | |
| LAURA PERRYMAN | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

WHEREAS:

1. This is Defendant Laura Perryman's third effort since mid-2022 at interlocutory appeal to the Delaware Supreme Court from decisions of this Court. *See Perryman v. Stimwave Techs. Inc.*, 284 A.3d 77 (Del. 2022) (TABLE) (appeal dismissed); *Perryman v. Stimwave Techs. Inc.*, No. 302, 2023 (Del.) (application for interlocutory appeal pending).

2. Ms. Perryman and her son, Defendant Michael Perryman, seek interlocutory appeal of my September 19, 2023, oral ruling and September 20, 2023, implementing order denying Ms. Perryman's motion for a stay pending her criminal trial in federal court. For the same reasons that Vice Chancellor Glasscock denied

Ms. Perryman's application for certification of interlocutory appeal in *Stimwave Technologies Inc. v. Perryman*, I conclude that the application for certification of interlocutory appeal in this matter (the "Application") must be denied. 2023 WL 5748753 (Del. Ch. Sept. 6, 2023).

3. The Application sets forth a torrent of conclusory statements regarding why interlocutory appeal is purportedly appropriate. These include assertions that my ruling:

a. "declines to give the Defendant the right to due process in accordance with the Fourteenth Amendment" (App. at 3);

b. "assumes the denial of the stay determination [*sic*] can be made without a hearing or any evidence whatsoever, in violation of the Constitutional 6th Amendment" (*id.*);

c. "expressly conflicts with previously been considered [*sic*] by the Delaware Supreme Court, including the right to a jury trial under the Constitutional 7th Amendment and cruel and unusual punishment under the 8th Amendment" (*id.*);

d. "implicate[s] constitutional principles of federal/state sovereignty and comity, as protected and reinforced by the Commerce Clause, the Due Process Clauses, and the Freedom of Speech and Right to a Trial Clauses of the U.S. Constitution" (App. at 11); and

e.  raises "a question of first impression whether Delaware may constitutionally regulate the economic incentives of out-of-state actors" because "[r]egulating out-of-state individual personal conduct[] violates the Commerce Clause and the Due Process Clause." *Id*.

The Application is largely an indecipherable jumble of untethered concepts and inflammatory statements. *See, e.g.*, App. at 11 ("Thus, the Order is candid in seeking to change the fundamental concept of law that accused [*sic*] are innocent till proven guilty, that civil claims must be validated by evidence and testimony, and that a Corporation cannot just make fraudulent claims based on hearsay—rendering the Chancery Court not an equity based court[,] but a place for fake claims to be accepted without question, evidence, testimony or proof.").

4.  Given this, I focus my analysis below on what I understand to be the substantial issue of material importance meriting interlocutory appeal identified in the Application.

NOW, THEREFORE, the Court, having carefully considered the Application, IT IS HEREBY ORDERED, this 19th day of October, 2023, as follows:

1.      Supreme Court Rule 42 governs certification of interlocutory appeals. "The purpose of Rule 42 is to prevent wasteful piecemeal litigation from overwhelming the docket of the Supreme Court."[1]

2.      Interlocutory appeals are "generally not favored." Supr. Ct. R. 42 cmt. They "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Supr. Ct. R. 42(b)(ii). So, a Rule 42 application cannot be certified unless it clears two "rigorous" hurdles.[2] First, the order must have "decide[d] a substantial issue of material importance that merits appellate review before a final judgment." Supr. Ct. R. 42(b)(i). Second, there must be "substantial benefits" to granting the application that "will outweigh the certain costs that accompany an interlocutory appeal." Supr. Ct. R. 42(b)(ii).

3.      Here, the Application fails to meet the requirements for certification. As Vice Chancellor Glasscock reasoned in denying Ms. Perryman's application for certification of interlocutory appeal in *Stimwave Technologies Inc.*:

> My denial of a stay does not determine an issue of material importance. It does not prejudice Ms. Perryman, who is free to request a stay in the future if the criminal litigation makes such appropriate. The question of whether to grant a stay is in the discretion of the Court, as a function of its necessary control of its docket. The burden to the litigants and to the Supreme Court of interlocutory appeal, therefore, is in no way

[1] *In re Del. Pub. Schs. Litig.*, 2022 WL 1220075, at *9 (Del. Ch. Apr. 26, 2022) (alteration and internal quotation marks omitted), *appeal refused*, 277 A.3d 296 (Del. 2022) (TABLE).

[2] *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008), *appeal refused*, 962 A.2d 256 (Del. 2008) (TABLE).

justified. None of the factors of Supreme Court Rule 42(b)(iii) support interlocutory appeal.

2023 WL 5748753, at \*1 (citations and footnote omitted).[3]

4.      Boiled down, the Application asserts that I improperly denied Ms. Perryman's motion to stay without first holding an evidentiary hearing. Ms. Perryman cites no case law in support of her assertion and, indeed, acknowledges in the Application that "[t]he decision whether to grant or deny a motion for a stay is within the discretion of the trial court." App. at 6 (citations omitted).

5.      I further question how holding an evidentiary hearing on her stay motion would be consistent with the contention she makes in her stay motion that she cannot testify in light of her criminal proceeding.[4] In any event, Ms. Perryman

---

[3] Like Vice Chancellor Glasscock in *Stimwave Technologies*, I have considered the Rule 42(b)(iii) factors here, which include whether: (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice. *Id*. at \*1 n.2.

[4] *See* D.I. 24 (Motion for Stay), ¶¶ 2-3 ("Based on the allegations and representations made to the United States Department of Justice . . ., Ms. Perryman has been indictment [*sic*] and arraigned on March 31, 2023[,] and must defend this action and cannot testify in any other matters . . . . Ms. Perryman must now focus her attention of dispelling the lies told to the government for the foreseeable future.").

5

chose to devote extensive time to making representations of fact to the Court during the September 18, 2023, oral argument in this matter.[5] She also chose to email evidentiary materials to the Court following oral argument.[6]

6.    Having carefully considered the Application, I conclude that it is best understood as a "dilatory tactic, devoid of merit, that already has wasted trial court resources, would waste appellate resources . . . and would open the door to piecemeal appeals that would undermine the normal process of litigation."[7] Accordingly, and for all the foregoing reasons, I DENY the Application.

IT IS SO ORDERED.


_____*/s/ Nathan A. Cook*_____
Vice Chancellor Nathan A. Cook

---

[5] Ms. Perryman and her son also recently commenced a separate action in this Court against the alleged controller of the Plaintiff-entity in this matter. *Perryman v. Gupta*, C.A. No. 2023-0962-NAC, D.I. 1 (*pro se* Petition for Advancement and Indemnification).

[6] D.I. 70-71. I note that, although the Application also takes issue at times with my denial of Ms. Perryman and Mr. Perryman's motion to dismiss, this does not actually appear to comprise the Application's articulation of a substantial issue of material importance. On the other hand, the Application is hardly a model of clarity. Thus, I note that the Application asserts that Plaintiff's amended complaint attaches one or more fraudulent documents as exhibits. Ms. Perryman made this claim during oral argument too. But that is a factual dispute not amenable to resolution on a motion to dismiss. Mr. Perryman may also continue to object to the exercise of personal jurisdiction over him based on arguments concerning the constitutionality of 10 *Del. C.* § 3114. If so, the Application, like Mr. Perryman's motion to dismiss, ignores the Delaware Supreme Court's decision in *Hazout v. Tsang Mun Ting*, 134 A.3d 274 (Del. 2016).

[7] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2019 WL 3227633, at *3 (Del. Ch. July 15, 2019), *appeal refused*, 214 A.3d 449 (Del. 2019) (TABLE).